IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**EVERETT HOLLOWAY,**

                **Petitioner,**

     **v.**                                            **CASE NO. 07-3277-RDR**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

                **Respondents.**


**O R D E R**

Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and in forma pauperis on a pleading construed by the court as one seeking habeas corpus relief under 28 U.S.C. § 2241. Having reviewed the record which contains respondents' answer and return, and petitioner's traverse thereto, the court denies the petition.

In 1985, petitioner was sentenced to a controlling indeterminate prison term of seven to twenty years for his convictions on three criminal charges.[1] After his release on probation in October 1987, he was convicted of aggravated escape from custody and sentenced in 1989 to a consecutive indeterminate

---

[1] In Johnson County Case No. K-48597, the district court sentenced petitioner to concurrent indeterminate terms of three to five years for aggravated assault, five to ten years for felony burglary, and seven to twenty years for kidnapping. The record, in part, contains apparent erroneous reference by petitioner and the Kansas appellate court to a controlling *ten* to twenty years in this case. *See* Petitioner's Complaint (Doc. 1) and Traverse (Doc. 11). *See also* Holloway v. State of Kansas, 154 P.2d 556 (Table), 2007 WL 959630 (Kan.App. March 30, 2007), rev. denied (Sept. 27, 2007).

prison term of one to five years. Pursuant to K.S.A. 21-4608(f), the Kansas Department of Corrections (KDOC) aggregated petitioner's consecutive sentences to a controlling sentence of eight to twenty-five years for the purpose of calculating petitioner's parole eligibility date, conditional release date, and maximum release date. Petitioner was first paroled in March 1993. Thereafter, it appears petitioner established a pattern of repeated violations followed by re-parole until 2004, when his latest parole violation resulted in his current incarceration.

In the instant action, petitioner challenges the legality of KDOC's aggregation of his 1985 and 1989 state sentences. He claims the aggregation of these separate sentences, imposed years apart, is unlawful. He further claims he is being incarcerated years longer than he would be if his conditional release dates were calculated separately on his 1985 and 1989 sentences. Petitioner also suggests K.S.A. 21-4608(f) is unconstitutional, but advances no particular argument in the pleadings before this court as he did in the state courts. The Kansas courts rejected petitioner's claims, finding no error under Kansas law in KDOC's calculation of petitioner's aggregated sentence, and finding no merit to petitioner's challenge to the constitutionality of K.S.A. 21-4608(f).[2]

---

[2]*See* Holloway v. Cline, 154 P.3d 557 (Table), 2007 WL 959702 (Kan.App. March 30, 2007), *rev. denied* (Sept. 27, 2007)(affirming denial of relief in petitioner's K.S.A. 60-1501 petition to Ellsworth District Court on claims challenging the constitutionality of K.S.A. 21-4608 and KDOC's aggregation of his sentences); Holloway v. State of Kansas, 154 P.2d 556 (Table), 2007 WL 959630 (Kan.App. March 30, 2007), *rev. denied* (Sept. 27, 2007)(affirming denial of relief in petitioner's two K.S.A. 60-1507 motions filed in Johnson District Court on claims including petitioner's challenge to the aggregation of his sentences).

Petitioner's challenge to the execution of his state sentence is appropriate under 28 U.S.C. § 2241. *See* Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. 2241). Relief under § 2241, however, can be granted only if petitioner demonstrates he is confined "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing in this case.

Significantly, federal habeas corpus relief is not available for alleged violations of state law. *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). A state court's interpretation of its own law is binding on a federal court conducting habeas review. House v. Hatch, 527 F.3d 1010, 1028 (10th Cir. 2008)(citation omitted), *cert. denied*, 129 S.Ct. 1345 (2009). *See also* Gonzales v. Tafoya, 515 F.3d 1097, 1126-27 (10th Cir.)("In conducting our inquiry, we defer to the state court's interpretations of state law."), *cert. denied* 129 S.Ct. 211 (2008); Hatch v. State of Okl., 58 F.3d 1447, 1464 n. 11 (10th Cir. 1995)(per curiam)("Even if petitioner were to challenge this construction of [the statute] directly, we would have to defer to the Oklahoma court's construction of a state statute.")(citations omitted), *cert. denied* 517 U.S. 1235 (1996), *overruled on other grounds by* Daniels v. U.S., 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

Accordingly, notwithstanding petitioner's reference to

3

encyclopedic descriptions of how consecutive sentences generally operate, this court is bound by the Kansas courts's interpretation of its own law.  The Kansas Supreme Court has determined that in aggregating consecutive sentences under K.S.A. 21-4608(f), "[a]ny extension of parole eligibility, conditional release, or maximum dates is a direct result of the individual's commission of the new offense and does not increase the defendant's punishment for the prior offense."  Anderson v. Bruce, 274 Kan. 37, 46 (2002).  *See also* U.S. v. Randall, 472 F.3d 763, 766 (10th Cir. 2006)("Under Kansas law, when multiple sentences are aggregated into a single sentence, they are aggregated only for the limited purposes of determining the total time to be served, the date the sentence begins, and parole eligibility and conditional release dates.  For all other purposes, the sentences retain their individual identity.")(citations omitted).

The Kansas Supreme Court has also determined that K.S.A. 21-4608(f) is constitutional.  Hudson v. State, 273 Kan. 251 (2002). Petitioner makes no showing that this state court adjudication was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1).

The court thus concludes petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2241.  *See* Woodberry v. Hannigan, 37 Fed.Appx. 404, 2002 WL 568186)(D.Kan. 2002)(unpublished)(aggregation of petitioner's state sentences did not violate petitioner's constitutional rights, and thus did not warrant federal habeas relief).

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

**IT IS SO ORDERED.**

DATED:  This 21st day of July 2009, at Topeka, Kansas.

> s/ Richard D. Rogers
> RICHARD D. ROGERS
> United States District Judge